vague.. The particular acts of encouragement should have been stated. This decision, it is true, relates to the particular acts which constitute the offense; still the principle upon which that case was decided may well apply to the point under consideration; because it seems equally essential that the positive acts which constitute the concealment of the fact of the crime should be stated. Unless the state, by her pleading, apprises the accused of the acts of concealment upon which she intends to rely, he may not be prepared to resist the effort to deprive him of his right to set up the statute of limitations in bar of the prosecution.

We are unanimously of opinion that the motion to quash should have prevailed.

The defendant having pleaded not guilty, the cause was submitted to a jury, who found for the state; and the Court, having refused a new trial, rendered judgment, &c. For the error in its refusal to quash the indictment, this judgment must be reversed.

*Per Curiam.*—The judgment is reversed. Cause remanded, &c.

*F. T. Hord*, for the appellant.

*J. E. McDonald*, Attorney General, for the state.

————

*Ex Parte* DUNN.

APPEAL from the *Elkhart* Circuit Court.

*Per Curiam.*—James Dunn applied to the board of county commissioners for license to retail spirituous liquors. He proved his moral character, &c., and offered a compliance with the requisitions of the law. License was denied him. He appealed to the Circuit Court. The appeal was dismissed, on the ground that the case was not appealable.

Under the law, if *Dunn* showed himself to fall within the class of those entitled by its provisions to license, and

license was denied him, he was cut off, by the action of the commissioners, from the exercise of a legal right, involving a pecuniary interest. Such decision was a legal grievance to him, and, under the general statute, entitled him to an appeal.

The judgment is reversed. Cause remanded, &c.

*H. Kilbourne*, for the appellant.

May Term, 1860.

DRAPERT
v.
THE STATE.

———•◦•———

DRAPERT *v.* THE STATE.

Under the present liquor law, a remonstrant against the issuing of license to retail, cannot. appeal from the decision of the county board as to the fitness of the applicant. The general act (1 R. S. p. 229) does not apply.

APPEAL from the *Wayne* Court of Common Pleas.

PERKINS, J.—*Paul Drapert*, of the city of *Richmond, Indiana*, applied to the commissioners of *Wayne* county, at one of their regular sessions, for a license to retail spirituous liquors on a certain lot, upon a certain street, in said city. He proved publication of notice.

One *Edwin M. Cook* availed himself of the privilege, allowed by statute to any and every citizen of the township, to remonstrate against granting license to *Paul*, because of his unfitness to conduct the business of retailing; but the board of commissioners, being satisfied that *Paul* had the moral fitness required by the statute, granted the license. *Paul* filed his bond with the auditor, which was approved; and further, he promptly complied, on being "requested to pay to the treasurer of said county 50 dollars, as a fee for license for one year, to be applied and expended for common school purposes;" took the treasurer's receipt therefor, and filed the same with the auditor, together with the order of the board granting the license, and upon them demanded the license; but the auditor, in response to the demand, informed *Paul* that the remonstrant,

Tuesday, May 29.